**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

                                                  CASE NO. 05-80263
     Plaintiff,                             HON. LAWRENCE P. ZATKOFF

v.

JABBOLLI KENYATTA DAVIST

     Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 11, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Jabbolli Davist's objection to the Pre-Sentence Report. Both Defendant and the Government have filed Sentencing Memoranda. For the reasons set forth below, Defendant's objection is OVERRULED.

**II. BACKGROUND**

On March 17, 2005 Defendant was named in a 21 count Indictment for one count of Conspiracy to Defraud the United States Through False Claims, 18 counts of False Claims Against the United States, and 2 counts of False Statements. The offenses took place between 1999 and 2002 as Defendant operated an income tax scheme to fraudulently obtain income tax refunds from

the IRS. On September 6, 2005, Defendant pled guilty without a Rule 11 Plea Agreement to Counts 1 through 21 of the Indictment.

Pursuant to the Sentencing Guidelines, the Pre-Sentence Report calculated Defendant's offense level as 19 with a criminal history category of III. The corresponding guidelines range is 37 to 46 months.

The probation officer calculated the Guidelines offense level of 19 in the following way. §2B1.1(a)(2) establishes a base offense level of 6. Under §2B1.1(b)(1)(F), 10 levels were added because the loss was more than $120,000. Under §3B1.1(a), 4 levels were added because the defendant was an organizer or leader of criminal activity involving five or more participants. Under §3C1.1, 2 levels were added because the defendant obstructed and impeded justice. After a 3 point reduction for acceptance of responsibility, Defendant's offense level was calculated as 19.

Following Defendant's objection to the Pre-Sentence Report's 4-level enhancement for being an organizer of criminal activity, the Pre-Sentence Report was revised. In its response, the Probation Department stood by its prior calculation of total offense level 19, criminal history category III, and Guidelines range of 37 to 46 months.

### III. ANALYSIS

Defendant makes three arguments as to why the offense level was wrongly calculated. The Court will address these arguments in the following sections.

**A. Whether Defendant Must Be Sentenced Under the 1999 Guidelines Manual**

Defendant argues that the guidelines range should have been calculated using the 1999 Guidelines Manual because Defendant's first offense was committed on March 27, 2000 when the

1999 Manual was in effect. Using the 1999 Guidelines, Defendant would only be subject to an offense level of 11, and criminal history category III, for a range of 12-18 months imprisonment. The Court disagrees with Defendant's contention that the 1999 Guidelines should have been used.

In its Sentencing Memorandum, The Government correctly observes that the court should use the Guidelines Manual in effect on the date the defendant is sentenced, unless it would present an *ex post facto* clause problem. In the present case, Defendant has been convicted of offenses occurring between 1999 and 2002. Nothing requires the Court to focus only on Defendant's 1999 conviction. Furthermore, no *ex post facto* problem exists because whether the Court uses the 2005 Guidelines currently in effect, or the 2001 Guidelines which were in effect when Defendant committed his 2002 offenses, the offense levels prescribed in the Guidelines would be the same. Accordingly, Defendant's argument for the imposition of the 1999 Guidelines is erroneous.

**B. Whether Defendant was an Organizer/Leader of a Criminal Activity**

Defendant argues that he was not an organizer/leader of a criminal activity under §3B1.1(a) and that he should not receive a four-point enhancement. The Court disagrees.

The Application Notes for §3BB1.1(a) explain what constitutes an "organizational" or "leadership role":

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

In the present case, Defendant recruited others, prepared fraudulent W-2 forms for them to use, drove them to and from a tax-preparation business to receive their fraudulent tax refunds, and received a larger share of the tax refunds. The Court finds that Defendant's conduct qualifies under

3

§3B1.1(a) and that the Pre-Sentence Report correctly added the 4-level enhancement for Defendant's organizational role.

### C. Whether Defendant Obstructed Justice

Defendant argues that he did not impede justice pursuant to §3C1.1 when he lied to IRS investigators on May 24, 2002. The Court disagrees.

§3C1.1 provides for a 2-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." Defendant relies on Application Note 4(g) which states that the adjustment applies where a defendant provides "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." Defendant argues that lying to the IRS investigators did not "significantly" obstruct the investigation.

After reviewing Defendant's conduct and the Guidelines, the Court finds that Defendant significantly obstructed the IRS' investigation when he provided a false statement to IRS investigators. Defendant's false statement mislead the IRS and required them to interview Defendant two months after the initial interview. Accordingly, the Court finds that the Pre-Sentence Report correctly added a 2-level enhancement pursuant to §3C1.1.

## V. CONCLUSION

For the above reasons, the Court HEREBY OVERRULES Defendant's Objection to the Pre-Sentence Report. The Court finds that the Pre-Sentence Report properly calculated the Guidelines offense level at 19, with Criminal History Category III, and a corresponding Guidelines range of 37-46 months.

IT IS SO ORDERED.

                                           s/Lawrence P. Zatkoff
                                           LAWRENCE P. ZATKOFF
                                           UNITED STATES DISTRICT JUDGE

Dated: January 11, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 11, 2006.

                                           s/Marie E. Verlinde
                                           Case Manager
                                           (810) 984-3290